# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GUSTAVO KINRYS, M.D.,<br><br>                    Plaintiff,<br><br>      v.<br><br>MASS GENERAL BRIGHAM HEALTH PLAN,<br>INC. and OPTUM, INC.<br><br>                    Defendants. | Civil Action No._____<br><br>Removal from: Nantucket Superior<br>Court Department, Commonwealth of<br>Massachusetts |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendant Optum, Inc. ("Optum") hereby gives notice of removal of this action, captioned *Gustavo Kinrys, M.D., v. Mass General Brigham Health Plan, Inc. and Optum, Inc.*, bearing civil action number 2375CV00038, from the Nantucket Superior Court Department, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts. The Complaint asserts numerous federal causes of action, providing this Court with federal-question jurisdiction. Pursuant to 28 U.S.C. §§ 1446(a), Optum provides the following statement of the grounds for removal.

## BACKGROUND

1.      On October 4, 2023, Gustavo Kinrys, M.D. ("Plaintiff") filed a pro-se complaint (the "Complaint") in Nantucket Superior Court, Commonwealth of Massachusetts, against Optum and Mass General Brigham Health Plan, Inc. (collectively, "Defendants").

2.      Plaintiff served Optum on October 6, 2023.

3.      The Complaint asserts thirty-two counts (the last count, numbered XXXIV, does not take into account that counts XVII and XVIII are missing) against Defendants in connection

135076453v.1

with Defendants' alleged failure to reimburse Plaintiff for over $10 million collectively in medical claims for psychiatric services that Plaintiff submitted to Defendants from March 2017 to April 2021. Plaintiff also asserts that the Defendants cooperated with federal and state law enforcement agencies in order to retaliate against Plaintiff.

4.     Plaintiff's claims are as follows: Breach of Contract (Count I); violations of M.G.L. c. 93A (Count II); Promissory Estoppel (Count III); Intentional Interference with Contractual/Business Relations (Count IV); Defamation (Count V); Violation of Unfair Claims Settlement Practices Regulations (Count VI); Negligent Misrepresentation (Count VII); Tortious Interference with Economic Relations (Count VIII); Violation of the Mental Health Parity Act (Count IX); Breach of the Duty of Good Faith and Fair Dealing (Count X); Violation of the federal Racketeer Influenced and Corrupt Organizations Act (RICO) (Count XI); Violation of the Medical Loss Ratio Requirements (Count XII); Intentional Infliction of Emotional Distress (Count XIII); Violation of federal and state Anti-Kickback Statutes (Count XIV); Violation of ERISA (Count XV); Conspiracy to violate Civil Rights (Count XVI); Antitrust Violations (Count XIX); Consumer Protection Violations (Count XX); Fraudulent Inducement (Count XXI); Concerted Action (XXII); Joint Enterprise (Count XXIII); Deceptive Business Practices (Count XXIV); Violation of Massachusetts Insurance Laws (Count XXV); Breach of Fiduciary Duty (Count XXVI); Retaliation Against Whistleblower (Count XXVII); Violation of Federal and State Privacy Laws (Count XXVIII); Tortious Interference with Current and Prospective Contractual Relations (Count XXIX); Violation of Healthcare Provider Anti-Relation Laws (Count XXX); Fraudulent Misrepresentation (Count XXXI); Patient Access Compromise and Impairment of Medical Practice (Count XXXII); Monopolistic Exploitation and Unconscionable Reimbursement Terms (Count XXXIII); and Anticompetitive Practices and Monopolistic Abuse (Count XXXIV).

135076453v.1

5.      Plaintiff seeks actual, compensatory, incidental, punitive, and consequential damages; double or treble damages under M.G.L. c. 93A, injunctive relief, restitution, and disgorgement; injunctions; establishment of a non-profit foundation with a portion of the relief awarded; and costs, interest, and reasonable attorney's fees.

6.      Optum denies Plaintiff's allegations and denies that Plaintiff has been damaged in any amount.

7.      Among the thirty-two counts are several federal causes of action, including separate counts alleging violations of the following federal statutes: the Mental Health Parity Act, 29 U.S.C. § 1185a (Count IX); the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. (Count XI); the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b (Count XIV); the Employee Retirement Income Security Act (ERISA), 29 U.S.C. 1001 et. seq. (Count XV); and federal privacy laws, 42 U.S.C. 1320d et. seq. (Count XXVIII). Compl. ¶¶ 102-105, 109-114, 125-129, 131-135, and 184-186.

8.      The federal causes of action in the Complaint, including but not limited to the five counts listed above, give this Court federal-question jurisdiction over those claims and supplemental jurisdiction over the remaining state law claims.

9.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Optum in the state court action are attached as **Exhibit A**.

## VENUE AND JURISDICTION

10.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, 1441(a), and 1446(a) because Nantucket Superior Court, the venue where Plaintiff's state court action was pending prior to removal, is a state court within this federal district and division.

11.     Pursuant to 28 U.S.C. § 1331, this court has subject matter jurisdiction over Plaintiff's federal causes of action, and pursuant to 28 U.S.C. § 1367, this court has supplemental jurisdiction over the remaining state law claims.

## I.     THIS COURT HAS FEDERAL-QUESTION SUBJECT-MATTER JURISDICTION AND SUPPLEMENTAL JURISDICTION OVER THIS ACTION.

12.     Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Governed by the "well-pleaded complaint rule," federal question jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint," *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 112-113 (1936)). Federal questions are presented on the face of a properly pleaded complaint when "the plaintiff pleads a cause of action that has its roots in federal law (say, a claim premised on the United States Constitution or on a federal statute)." *R.I. Fishermen's Alliance, Inc. v. R.I. Dep't of Envtl. Mgmt.*, 585 F.3d 42, 48 (1st Cir. 2009). Further, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court." 28 U.S.C. § 1441(a).

13.     Federal-question jurisdiction over this action is properly established under the well-pleaded complaint rule because the face of the Complaint alleges five causes of action arising under federal law. Compl. at ¶¶ 102-105, 109-114, 125-129, 131-135, and 184-186; *see e.g. N. Eng. Patriots Fans v. Nat'l Football League*, No. CV 16-10659-FDS, 2016 WL 9224074, at *1 (D. Mass. Apr. 8, 2016) (finding federal question jurisdiction based on federal RICO claim); *Tobin v. Nadeau*, No. Civ.A. 03-11817-DPW, 2004 WL 1922134, at *5 (D. Mass. Aug. 30, 2004) (finding provisions of the ERISA statute removable to federal court).

14.     This Court has supplemental jurisdiction over state law claims that are so related to the federal-question claims "that they form part of the same case or controversy". 28 U.S.C. § 1367(a). "State and federal claims are part of the same 'case or controversy' for the purposes of section 1367(a) if they derive from a common nucleus of operative fact or are such that they would ordinarily be expected to be tried in one judicial proceeding." *Allstate Interiors & Exteriors, Inc. v. Stonestreet Constr., LLC*, 730 F.3d 67, 72 (1st Cir. 2013) (internal quotations omitted) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

15.     Supplemental jurisdiction over Plaintiff's state law claims is proper. Plaintiff's state and federal law claims all arise under the same nucleus of operative fact— Defendants' (i) alleged failure to reimburse Plaintiff for over $10 million in medical claims for psychiatric services that Plaintiff submitted to Defendants from March 2017 to April 2021 and (ii) alleged cooperation with federal and state law enforcement agencies to retaliate against Plaintiff. *See* Complaint at ¶¶ 9-10, 53-54.

## II.     ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

### A.     This Notice of Removal is Timely.

16.     Optum was served with the Complaint on September 29, 2023.

17.     Optum has not responded to the Complaint in state or federal court.

18.     This Notice of Removal is timely filed within 30 days of receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b)(1).

135076453v.1

**B.      All Properly Served Defendants Consent to Removal.**

19.      Removal based on federal-question jurisdiction under 28 U.S.C. §§ 1331 and pursuant to 28 U.S.C. § 1446(b)(2) requires consent of all defendants who have been properly served.

20.      The defendants properly served thus far are Optum, Inc., served on October 6, 2023, and Mass General Brigham Health Plan, Inc., who were subsequently served.

21.      Defendant Optum, Inc. consents to the removal.

22.      Defendant Mass General Brigham Health Plan, Inc. consents to the removal.

23.      By filing this Notice of Removal, Optum does not waive any defense that may be available to it and reserves all such defenses. If any question arises as to the propriety of removal to this Court, Optum requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

24.      By removing this action from Nantucket Superior Court, Optum does not admit any of the allegations in Plaintiff's complaint.

25.      In accordance with 28 U.S.C. § 1446(b)(d), after filing this Notice of Removal Optum will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the Nantucket Superior Court.

26.      Pursuant to Local Rule 81.1(a), certified and attested copies of all records, proceedings and docket entries in the Nantucket County Superior Court shall be filed with this Court within twenty-eight (28) days.

-6-

**CONCLUSION**

WHEREFORE, Optum respectfully requests that the matter designated by the Complaint attached hereto as **Exhibit A** be removed to the United States District Court for the District of Massachusetts and proceed as an action properly removed.

Respectfully submitted,

OPTUM, INC.

By its attorneys,

*/s/ Allison M. O'Neil*
Allison M. O'Neil (BBO #641330)
Ryan M. DiSantis (BBO #654513)
Caroline J. Lambert (BBO #705557)
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02108
617.239.0729
*Allison.ONeil@lockelord.com*
*Ryan.DiSantis@lockelord.com*
*Caroline.Lambert@lockelord.com*

Dated: October 26, 2023

**CERTIFICATE OF SERVICE**

I certify that on October 26, 2023, this document, filed through the ECF system, was sent via electronic mail to the Plaintiff:

Gustavo Kinrys (Pro Se)
gk21atlaw@gmail.com

*/s/ Allison M. O'Neil*
Allison M. O'Neil

135076453v.1